ENGLISH v. BONHAM.

*Certiorari* to Common Pleas, on an appeal from the court of small causes.

The transcript of a justice, need not shew that a state of demand was filed, if the fact appear or may be fairly presumed by the proceedings and papers, in the cause.

*Eakin* for plaintiff.

*R. P. Thompson* for defendant.

## STATE OF THE CASE.

The Justice has no where stated on his docket, that the plaintiff filed any state of demand, or the defendant any set-off, but he recorded the proceedings, as follows: "The defendant in the course of the trial, objected to one item of the plaintiff's account viz: a due bill for $37 31, dated July 23, 1832, alleging the same to have been included in one of a subsequent date, viz: the 30th Oct. 1832, for $44 21, although he acknowledged his signature to both bills. Objection overruled, &c. and judgment given for the plaintiff.

From this judgment Bonham, the defendant below appealed. Among the papers sent up by the Justice with the appeal bond, were two papers, one purporting to be the plaintiff's state of demand, and the other the defendant's, by way of set off. These papers are severally dated at the bottom, Sept. 23, 1833, the very day on which the warrant was returned, but they were not marked, "filed," or indorsed by the Justice. The plaintiff's demand was for $90 59, and the defendant's set-off $34 88. The judgment was for $75 36.

Upon the coming on of the appeal, the appellant (defendant below) moved to non-suit the appellee (plaintiff below) because it did not appear by the transcript that the state of demand had been filed with the Justice, on the return of the warrant; which motion the court granted, and thereupon non-suited the plaintiff.

Mr. *Eakin* for plaintiff in *Certiorari*, contended: There is sufficient proof in the papers sent up that a state of demand was filed; that defendant below could not plead until it was so; *Penn. R.*

142, 143, 407 ; *Rev. L.* 632 *s.* 14. That this court will not presume the want of facts, required by statute to be put on record. *Penn.* 523 ; *Darnel* v. *Sheldon ; Ib.* 901 ; *Doughty* v. *Read ; Ib.* 522. The objection in such cases must be made below, *Ib.* 98, 99 ; 1 *Green*, 216 ; *Tidd. pr.* 435 ; 4 *Halst.* 245, 351 ; *Penn.* 973.

The party impeaching the proceedings of a court, must shew the error. *Coxe* 399 ; *Penn.* 901, 922 ; 1 *South.* 150 ; 4 *Halst.* 78, 245 ; 3 *St. Ev.* 1250 ; 5 *Halst.* 140 ; 3 *Johns.* 435 ; 5 *T. R.* 464.

2d. The error complained of could not prevent the Common Pleas from hearing the appeal on the merits. *Pennington* v. *Johnson,* 3 *Green,* 188. The state of demand is no part of the record, *Ib.* 228. The omission not tending to defeat or impair the substantial right of the party, is not fatal, 3 *Green,* 464.— The Common Pleas had no power to non-suit, the motion not being made before the Justice. *Penn.* 506. They are to re-try the cause on its merits, *Ib.* 263, 5, 549 ; 5 *Halst.* 143, 4 ; 2 *South.* 569.

The act, *Rev. L.* 796, intends to grant such relief on appeal, as accords with the nature of another trial, not of a writ of error or *Certiorari.* 5 *Halst.* 142 ; 3 *Green* 433 ; 1 *Harr.* 450 ; 4 *Halst.* 350.

*R. P. Thompson* for defendant, cited *Penn. R.* 100 ; *Sandford* v. *Hoover.*

HORNBLOWER, C. J. The court of Common Pleas did not non-suit the plaintiff, because no state of demand had been filed before the Justice, but because, " it did not appear by the transcript that the state of demand had been filed." That there was in point of fact, a state of demand before the Justice at the time of the trial, I think abundantly appears upon the face of the record. The Justice says, " the defendant in the course of the trial objected to one item of the plaintiff's account." There is also, in my opinion, evidence sufficient to satisfy us, until the contrary is shewn, that both the plaintiff's and the defendant's states of demand were before the Justice on the return day of the warrant. Acting under his oath of office, he sent up as parts of the record and proceeding before him, the plaintiff's as well as the defendant's accounts, both bearing date the day on which the warrant was returned. Besides this, the defendant went to trial below upon the plaintiff's state of demand, without raising any objection on the ground that it had not been filed in season ;

which it is not likely he would have done if any such ground of objection existed; especially since his motion for an adjournment had been overruled, and he had been driven into a trial in the absence of his witness.

The question comes then to this, whether in point of fact, a statement of demand is filed in due season, and the parties go to trial upon it, the judgment and proceedings may afterwards ·be set aside, simply because the Justice has omitted to enter upon his docket, in very terms, " *when the copy of the account or state of the demand, was delivered by the parties ?*"

The 41st section of the statute, *Elm. Dig.* 283, very properly directs the manner in which the Justice shall keep his record, and some of the matters which he is directed to enter, such as the names of the parties, the style and nature of the action, the time of instituting the suit, &c. are no doubt essential; since it would be no record if they were omitted; but·in respect to several other matters, the statute must be considered as. purely directory. Such for instance as the time when the state of demand was filed, the names· of jurors, and witnesses, and other incidental matters that come under the general clause, " and all the proceedings before him had touching the said suit." The enactment is as specific, that the Justice shall record the names of the jurors and witnesses, as it is that he shall enter, " when the copy of account, &c." was filed ; and yet it will not be pretended that if the Justice should omit the names of some of the jurors, or witnesses, it would be fatal to the record.

In *Dallas* v. *Hendry, Penn. R.* 973, the action was for penalties under the timber act. The Justice had recorded the time of issuing process, but had not made a special entry stating that the action was brought for such penalties, as he ought to have done : but this court refused to reverse, saying, the nature of the action appears from the subsequent proceedings and the act is in terms complied with. In the same case, the court refused to sustain an objection to the form of the process, which had been by warrant, instead of summons, saying it was too late ; the objection should have been taken before the Justice. In *Bartow* v. *Murray, Penn. R.* the court refused to reverse, on the ground that the venire was not in conformity with the directions of the act of Assembly.

The only case relied upon by the defendant in *Certiorari* is that of *Sandford* v. *Hoover, Penn. R.* 100. But it does not sustain

him.    In that case, a motion was made before the Justice to non-suit the plaintiff for want of a state of demand, which the Justice refused, notwithstanding there was in fact no state of demand filed, nor any pretence of one ; and what is more singular the Court of Common Pleas, proceeded to hear the appeal and affirm the judgment without any state of demand.    It is true, one was sent up from the Common Pleas with the *Certiorari ;* but it distinctly appeared that none had been filed before the Justice nor even upon the appeal, and the proceedings were set aside.

In my opinion the judgment of non-suit must be reversed, and the record remitted to the Common Pleas to be proceeded in according to law.

FORD, WHITE, DAYTON, and NEVIUS, Justices, concurred.